# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Electronically filed on December 16, 2016*

| | |
|---|---|
| Klamath Irrigation District, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| United States, | ) |
| Defendant, | ) No. 01-591 L |
| and | ) Hon. Marian Blank Horn |
| Pacific Coast Federation of Fishermen's Associations, | ) |
| Defendant-Intervenor. | ) |
| John Anderson Farms, Inc., *et al.*, | ) |
| Plaintiffs, | ) |
| v | ) No. 07-194C |
| United States, | ) Hon. Marian Blank Horn |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE
REGARDING JUST COMPENSATION EVIDENCE**

Dated: December 16, 2016

The just compensation clause of the Fifth Amendment to the United States Constitution states that private property shall not be taken by the government for public use "without just compensation." Prior to addressing the question of just compensation, it is necessary to identify the "private property" in question, to define the source and dimensions of the rights associated with that property, and then to determine whether any of *that property* has been taken.

In this case, the parties have a core dispute over the source, nature and scope of the plaintiffs' beneficial interest in the use of water from the Klamath Project and whether that beneficial interest constitutes a property right for purposes of the Fifth Amendment. The parties' have filed cross-motions for partial summary judgment on this issue.[1] If the Court determines that any of the plaintiffs have a property right in the use of Klamath Project water that is independent of the contracts with the United States that govern the delivery of such water, the Court will then need to determine whether that right was taken in 2001.

Because the trial in this matter is not bifurcated, the parties will address both liability and just compensation at trial. This motion *in limine* only relates to just compensation and addresses two issues. First, the only relief provided for a taking of private property is just compensation, which is generally defined as the market value of the property taken. As a matter of law, the Fifth Amendment does not provide compensation for any consequential damages that a property owner may suffer as a resulting of the taking. Accordingly, under Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC"), the Court should preclude any testimony or other evidence regarding consequential damages, as well as any damages sought under plaintiffs' breach

---

[1] *See* Def.'s Mot. for Partial Summ J., filed August 17, 2016 (ECF No. 448); Plaintiffs' Cross-Motion and Response, filed Oct. 5, 2016 (ECF No. 460); and Def.'s Response and Reply, filed Nov.22, 2016 (ECF No. 468). Plaintiffs' reply brief in support of their cross-motion is due January 9, 2017. *See* Court's Order of Oct. 28, 2016 (ECF No. 463).

1

of contract claims, which were dismissed. Such evidence is irrelevant to any issue or claim that remains in this case and is therefore inadmissible under Federal Rule of Evidence 402. Second, the trial in this case has been limited to the claims of the individual Plaintiffs. The just compensation evidence should be limited to those claims, and the Court should preclude the introduction of any evidence regarding just compensation for landowners who are not plaintiffs.

## ARGUMENT

### I.   Standard of Review for a Motion *in Limine*

Under RCFC 16(c)(2), this Court has authority to "take appropriate action" with respect to issuing advance rulings on the admissibility of evidence, and with respect to "avoiding unnecessary proof and cumulative evidence, and limiting the use of testimony under Federal Rule of Evidence 702." RCFC 16(c)(2)(D). A motion *in limine* is a recognized method for getting an early ruling on trial matters. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *Baskett v. United States*, 2 Cl. Ct. 356, 359 (1983). Properly considered, a motion *in limine* provides the Court an opportunity to rule on the admissibility of evidence in advance of trial, preventing the inclusion of immaterial or potentially prejudicial materials in the record. *See Baskett*, 2 Cl. Ct. at 359-60 (citing 6 Charles Wright & Arthur Miller, Federal Practice and Procedure § 1525 (1971)); *see also INSLAW, Inc. v. United States*, 35 Fed. Cl. 295, 302-03 (1996) ("The basic purpose of a motion *in limine* is to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters.") (internal quotation marks omitted). Motions *in limine* also promote "'trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial.'" *Int'l Graphics, Div. of Moore Bus. Forms, Inc. v. United States*, 5 Cl. Ct. 100, 104 (1984) (citation omitted).

## II. The Only Relief Sought and Available for the Claims Remaining in this Action is Just Compensation

The plaintiffs in both *Klamath* and *John Anderson Farms* previously asserted both Fifth Amendment takings claims and breach of contract claims. *Klamath* Second Am. Compl. (ECF No. 210); *John Anderson Farms* First Am. Compl. (ECF No. 27). However, the *John Anderson Farms* plaintiffs voluntarily dismissed all of their contract claims with prejudice. *See John Anderson Farms*, Pls.' Mot. to Voluntarily Dismiss, filed Feb. 25, 2014 (ECF No. 63); *John Anderson Farms* Order, Mar. 13, 2014 (ECF No. 65) (order granting motion). The *Klamath* plaintiffs' contract claims have also been dismissed by the Court's orders ruling on the United States' motion as to certain claims and on plaintiffs' motion for voluntary dismissal of all remaining contract claims. *See Klamath Irrigation Dist. v. United States*, 113 Fed. Cl. 688 (2013) (ECF No. 331) (dismissing the contract claims of KID and TID); *Klamath* Order of June 2, 2014 (ECF No. 343) (granting plaintiffs' motion for voluntary dismissal of the remaining contract claims without prejudice). The remaining Fifth Amendment takings claims in both cases seek the relief provided for by the Constitution, just compensation.[2]

## III. The Court Should Exclude as Irrelevant Any Testimony or Evidence That Relates to Damages That Are Not Recoverable under the Fifth Amendment

The Fifth Amendment specifies that the relief available for a taking of private property is "just compensation." The method selected for determining just compensation must not be based on the "personal and variant standards" of the plaintiff or measure the "value to the particular owner whose property has been taken[.]" *Kimball Laundry Co. v. United States*, 338 U.S. 1, 5

---

[2] The *Klamath* plaintiffs also seek the same relief—just compensation—under an alternative claim under the Klamath Basin Compact. As set forth in their Pretrial Memorandum at 16 (ECF No. 469), the *Klamath* plaintiffs ask for relief under the Compact only if the Court finds that the government's actions did not result in a taking. Because the *Klamath* plaintiffs seek the same relief under their two remaining claims, *id*. at 17, this motion treats the request for "just compensation" as the same for the purposes of this motion.

(1949). Instead, the Court should look to determine an objective "transferable value" that "has an external validity which makes it a fair measure of public obligation to compensate the loss incurred by an owner as a result of the taking of his property for public use." *Id.* Consistent with the requirement of an objective standard, the usual measure of just compensation for a permanent taking of property is the fair market value of the property on the date of the alleged taking. *United States v. Miller*, 317 U.S. 369, 374 (1942). Under this standard, the property owner receives "'what a willing buyer would pay in cash to a willing seller' at the time of the taking." *United States v. 564.54 Acres of Land*, 441 U.S. 506, 511 (1979) (quoting *Miller*, 317 U.S. at 374). Similarly, the legal measure of just compensation for a temporary taking is the fair rental value of the property taken over the period of time for which it was taken. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1581 (Fed. Cir. 1990). This measure of compensation is described as "the price a willing lessee would pay to a willing lessor, for the period of the [temporary] taking." *Heydt v. United States*, 38 Fed. Cl. 286, 309 (1997). As with the legal measure for a permanent taking, the standard is intended to be objective.

Regardless of whether the proper measure of just compensation is for a permanent taking or a temporary taking, just compensation provides compensation only for the property taken. It does not include any consequential damages that the property owner may have suffered. *See Yuba Natural Res.*, 904 F.2d at 1581 ("It is a well settled principle of Fifth Amendment taking law . . . that the measure of just compensation is the fair value of what was taken, and not the consequential damages the owner suffers as a result of the taking.") (citations omitted). Thus, "[a]s a general rule, there is no compensation for frustrated contracts or loss of future income. The sovereign must pay only for what it takes, not for opportunities the owner loses." *Hedstrom Lumber Co. v. United States*, 7 Cl. Ct. 16, 28 (1984). As the Supreme Court articulated the law on this point long ago, just compensation under the Fifth Amendment "does not include future loss of

4

profits . . . or other like consequential losses." *United States v. Gen. Motors Corp.*, 323 U.S. 373, 379 (1945). *See also Mitchell v. United States*, 267 U.S. 341, 345 (1925) (just compensation does not include consequential damages for losses to a plaintiff's business); *Banks v. United States*, 88 Fed. Cl. 665, 683 (2009) (future lost profits or other consequential losses are inappropriate to consider when awarding just compensation); *Pettro v. United States*, 47 Fed. Cl. 136, 152 (2000) (same).[3]

In addition, because all of plaintiffs' contract claims were dismissed, the quantum of damages that plaintiffs might have sought under such claims is no longer an issue in this case. Accordingly, any testimony from the landowners or other evidence regarding contract damages, such as lost profits, cost to cover, or mitigation damages, is irrelevant to any issue or claim that remains in this case. In this regard, the Federal Circuit and its predecessor have long "cautioned against commingling takings compensation and contract damages." *Hughes Communications Galaxy, Inc. v. United States*, 271 F.3d 1060, 1070 (Fed. Cir. 2001) (citing *Sun Oil Co. v. United States*, 572 F.2d 786, 818 (Ct. Cl. 1978)). That admonition certainly applies here.

The depositions taken in this consolidated action reveal that the Plaintiffs may seek to present testimony from the plaintiff landowners or others on consequential damages that are not recoverable in this action and not relevant to the Court's determination of just compensation (as determined under the proper legal standard) or to any other issue before the Court.[4]

---

[3] These settled rules of law regarding just compensation apply even when the consequences of the taking are "harsh." *Gen. Motors Corp.*, 323 U.S. at 382. When such consequential damages are suffered, "whatever remedy exists lies with Congress." *Id.*

[4] Declaration testimony regarding anticipated consequential damages, including loss of income, was also presented in *Kandra v. United States*, No. CIV 01-6124-AA (D. Oregon) by plaintiffs seeking a preliminary injunction to prevent the implementation of the Klamath Project Operations Plan for 2001. *See Kandra v. United States*, 145 F. Supp.2d 1192, 1200-01 (D. Or. 2001).

Such consequential damages include, but are not necessarily limited to the following:

- Lost profits from crops that were not planted and harvested in 2001. *See, e.g., Gen. Motors Corp.*, 323 U.S. at 379 (just compensation does not include lost profits); *Mann v. United States*, 68 Fed. Cl. 666, 670 (2005) (lost profits that "directly relate to the subject of the contract" are recoverable in a breach of contract claim).
- Lost profits from crops with reduced yields in 2001. *See, e.g., Zoeller v. United States*, 65 Fed. Cl. 449, 457 (2005) (identifying economic damages due to termination of a lease, including a claim for lost seed crop production, as contract damages, but dismissing claim as untimely).
- The cost-to-cover crops not grown or reduced yields, such as the purchase of hay to replace lost or reduced hay production, or the lease of additional land for grazing. *See Stockton East Water Dist. v. United States*, 109 Fed. Cl. 760, 803 (2013) (mitigation costs or the cost to cover the breach, such as "obtaining substitute goods from another seller," are generally recoverable under a contract claim).
- Other costs incurred due to the lack of irrigation water from the Klamath Project in 2001, such as business operating costs.

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible. Because Plaintiffs no longer have any contract claims in this case, the only relevant "damages" evidence that they may offer at trial relates "just compensation" under the Fifth Amendment. Accordingly, any testimony and other evidence related to consequential damages or other measures that might be relevant in a contract claim context but are not relevant here, should be excluded. The United States respectfully requests that the Court grant this motion *in limine* to ensure that the evidence presented by Plaintiffs at trial is properly limited in this regard.

## IV. The Court Should Limit Evidence on Just Compensation to Evidence Relevant to the Claims of the Individual Plaintiffs

The prior order of this Court limited further proceedings to the claims of the named individual plaintiffs. Specifically, the Court directed in its Order denying Plaintiffs' renewed motion for class certification that discovery was to be completed as to the individual Plaintiffs currently before the Court only, and that further proceedings would address and resolve the claims

6

of *those* Plaintiffs. *See Klamath* Order, dated Oct. 2, 2014 (ECF No. 359) (attached as Exhibit 1). That Order stated:

> In the court's view, certification of a class is inadvisable at this time for a variety of reasons. For one thing, such a certification would require that discovery in this case be reopened, further delaying resolution of this matter. And that additional discovery, which relates to the new claimants, would likely be extensive. In the court's view, the better course of action is to complete discovery as to the plaintiffs currently before the court, with the hopes of bringing at least some of the issues in this case to completion.

*Id*. at 2 (internal citations omitted). *See also* Joint Consolidated Stip. of Fact ¶ 9 (ECF No. 459)

No discovery has been permitted as to other landowners who have not been named as plaintiffs in this action.[5] Instead, the case as proceeded, as directed, as to the claims of the named individual plaintiffs only. This Order regarding the scope of further proceedings, including the upcoming trial, remains the law of the case. S*ee Fillmore Equip. of Holland, Inc. v. United States*, 105 Fed. Cl. 1, 14-15 (2012) ("Law of the case is a judicially created doctrine, under which 'a court will generally refuse to reopen or reconsider what has already been decided at an earlier stage of the litigation.'" (citation omitted)). Plaintiffs have not asked the Court to reconsider this ruling, and to do so now would be prejudicial to the United States in light of both the limits on discovery and the scheduled date for trial.[6] The United States therefore objects to any evidence, whether documents or testimony, that

---

[5] The United States had previously raised questions regarding discovery as to the claims of putative class members who are not parties to the case, and the Court limited fact discovery to the claims of the named plaintiffs. *See* Def.'s Mot., filed July 16, 2014 (ECF No. 347); Order, dated Aug. 8, 2014 (ECF No. 349).

[6] The parties have filed cross-motions on the question of whether the district plaintiffs in *Klamath* have standing to bring Fifth Amendment takings claims on behalf of the landowners within their respective districts. The United States' position is that only the owner of the property alleged to have been taken has standing to bring a takings claim to seek just compensation from the United States. Those cross-motions have not yet been ruled on.

relates to just compensation for any claim other than those of the named individual plaintiffs in this consolidated action.

As Plaintiffs have acknowledged in these proceedings, the damages inquiry is an individualized, property-specific inquiry. *See* Pls.' Renewed Mot. for Class Certification 11 (ECF No. 344) ("individual water users will differ with respect to how much water they are entitled to receive and crops grown, so damages will vary from individual to individual."). But Plaintiffs' seek to present testimony on the question of just compensation that is not limited to the claims of the individual Plaintiffs. *See* Pls.' Pretrial Mem. 17-19. Instead, Plaintiffs intend to offer testimony from their hydrologist, Mark Van Camp, to provide a hindsight estimate of the *total* volume of water that could have been available to the Klamath Project in 2001 but for the requirements of the ESA. Mr. Van Camp does not provide an opinion on the specific quantity of water that any of the named plaintiffs contend that they were entitled to in 2001, either with or without consideration of the ESA, the relevant limitations in their contracts, or any other factors that affect the operation of the Klamath Project and the availability of water from the Project.

The second part of Plaintiffs' anticipated just compensation evidence is the opinion testimony of Dr. Richard Howitt. Dr. Howitt will offer an opinion on the "market value" of the full water supply identified by Mr. Van Camp that these witnesses contend would have been available to the plaintiffs had Reclamation not implemented the "reasonable and prudent alternatives" to avoid jeopardizing the affected species that were identified in the Biological Opinions issued by FWS and NMFS. Dr. Howitt's analysis yields an "average" per acre-foot value for the water allegedly taken.

The just compensation figure that Plaintiffs intend to present at trial – $28.6 million – is the simple product of Van Camp's volume figure and Howitt's average per acre-foot value. This figure is for the *entire* Project, and is not specific to the lands or the claims of the named individual plaintiffs in this consolidated action. However, Plaintiffs' motion for class certification was denied and Plaintiffs are not entitled to present evidence on just compensation for their proposed class of approximately 1,400 landowners who are not parties to this consolidated case.

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible. In determining the admissibility of expert witness testimony, Federal Rule of Evidence 702 requires the Court to "scrutinize not only the principles and methods used by the expert, but also whether those principles and methods have been properly applied *to the facts of the case*." Fed. R. Evid. 702, Advisory Note to 2000 Amendments (emphasis added). This assessment requires the court to determine whether the requisite "fit" exists between the proffered expert testimony and the facts at issue as a "precondition to admissibility." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). The proponent of the testimony bears the burden of satisfying the requirements of Rule 702. *See Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003). Plaintiffs' pretrial memorandum fails to even make a prima facie showing that their expert testimony meets these requirements.

Here, the collective testimony of these two experts does not have the requisite fit because neither expert has developed an opinion on the quantity of water allegedly "taken" from each Plaintiff, nor have they valued *that* interest. As a result, their testimony is not relevant to or probative of the specific just compensation question at issue in this case. This trial is properly limited to the claims of the named individual plaintiffs, and the Court

should exclude any testimony or other evidence that relates to the potential claims of landowners and Project water users who are not plaintiffs in this case.

**V.      Conclusion**

For the reasons set forth above, the United States respectfully requests that the Court grant this motion *in limine* and limit all evidence regarding just compensation in this case to evidence that is relevant to the correct legal measure of just compensation, and further limit such evidence to that which is relevant to a determination of just compensation for the claims of the individual Plaintiffs in these cases, if the Court determines that such compensation is due.

Dated:  December 16, 2016                Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor, Concord, NH 03301
TEL (603) 230-2583/FAX (603) 225-1577
E-MAIL kristine.tardiff@usdoj.gov

Counsel of Record for the United States

EDWARD C. THOMAS
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
TEL (202) 305-0239
FAX (202) 305-0506
E-MAIL:  Edward.C.Thomas@usdoj.gov

Of Counsel for the United States

10